IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REEDHYCALOG L.P., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:06-CV-00283 |
| A.M. CASTLE & CO, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

A.M. Castle & Co., Defendant in the above-styled cause (hereinafter "AM Castle" or "Defendant") appears to file its Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

### First Defense

1. Plaintiff's Original Petition should be dismissed in whole, or in part, because it fails to state a claim or claims upon which relief can be granted.

### Second Defense

2. With respect to the factual allegations contained in each section of the Plaintiff's Original Petition, AM Castle answers in correspondingly numbered paragraphs as follows:

   (1) AM Castle admits the allegations contained in paragraph I of Plaintiff's Original Petition.

   (2) AM Castle denies the allegations contained in paragraph II of Plaintiff's Original Petition.

   (3) AM Castle admits the allegations contained in paragraph III of Plaintiff's Original Petition.

(4) As to the allegations contained in the first sentence of paragraph IV of Plaintiff's Original Petition, AM Castle admits that it agreed to provide steel products to Plaintiff; however, because the petition fails to identify any specific facts relating to its claim — including the quantity, size, and grade of the steel products in question, the date or year of the transaction, the specifications at issue, the alleged defect at issue, that the alleged damages were caused by such defect, and the number of allegedly relevant transactions — AM Castle lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations. Due to these same deficiencies in Plaintiff's pleadings, as well as the vague and ambiguous nature of the allegations concerning the parties' doing "business in such a manner" at a time "previous to the subject transactions," AM Castle again lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the second sentence of Section IV. Regarding the allegations contained in the third sentence of Section IV, AM Castle lacks knowledge or information sufficient to form a belief regarding the truth of these allegations based again on Plaintiff's failure to detail any of the relevant facts. While AM Castle denies that any of its steel products failed to meet Plaintiff's specifications, if any, it nevertheless lacks knowledge or information sufficient to form a belief regarding the truth of the allegations regarding Plaintiff's alleged "discovery" of these alleged problems.

(5) AM Castle denies the allegations contained in paragraph V of the Plaintiff's Original Petition.

(6) AM Castle denies that Plaintiff is entitled to the damages sought in paragraph VI of the Plaintiff's Original Petition.

(7) AM Castle denies that Plaintiff is entitled to the damages sought in paragraph VII of the Plaintiff's Original Petition.

### Third Defense

3. Based on information and belief, Defendant would show that Plaintiff unreasonably delayed and/or failed to make a reasonable purchase in good faith to "cover" in response to what it claims was Defendant's alleged breach of contract.

### Fourth Defense

4. AM Castle would show that Plaintiff failed to take reasonable steps to mitigate its damages, if any.

Fifth Defense

5. AM Castle denies that the steel at issue was defective or that the alleged damages were caused by, or arose as a result of, any alleged defect.

Sixth Defense

6. In the unlikely event that Plaintiff were to prevail on his claim, AM Castle is entitled to an offset in the amount of any outstanding amounts owed by Plaintiff to AM Castle.

\* \* \*

Accordingly, A.M. Castle & Co. respectfully requests that the Court dismiss Plaintiff's suit and award it costs of court, attorneys' fees, expert fees and expenses, and such other and further relief to which they may be legally, justly and equitably entitled.

Respectfully submitted,

By: _____
Susan L. Bickley
State Bar No. 02298150

ATTORNEY-IN-CHARGE FOR DEFENDANT, A.M. CASTLE & CO.

OF COUNSEL:

Will Denham
State Bar No. 24032127
ABRAMS SCOTT & BICKLEY, L.L.P.
700 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 228-6601
Fax: (713) 228-6605

CERTIFICATE OF SERVICE

      I certify that all counsel of record who are Filing Users of the Electronic Case Files System of the Southern District of Texas have been served with a true and correct copy of the foregoing by electronic submission for filing on January 26, 2006. I further certify that a true and correct copy of the foregoing has been served on all other counsel of record, who are not Filing Users, by certified United States mail, return receipt requested, on January 26, 2006.

                Mr. Grant P. Harold
                Hargis & Harpold, L.L.P.
                2 Riverway, Suite 1020
                Houston, Texas 77056

                _____
                Susan L. Bickley